UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LA CONQ, LLC, et al.,<br><br>　　　　　Defendants. | Case No.: CV 19-07404-CJC(KLSx)<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICION OVER PLAINTIFF'S UNRUH ACT CLAIM** |

**I. INTRODUCTION & BACKGROUND**

On August 27, 2019, Plaintiff Brian Whitaker filed this action against Defendants, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff, a quadriplegic who uses a wheelchair for mobility, alleges that he visited Defendants' restaurant in August 2019. (*Id.* ¶¶ 1–3.) Plaintiff allegedly visited the

restaurant with "the intention to avail himself of its goods or services," but encountered a path of travel and dining surfaces that did not comply with ADA accessibility standards. (*Id.* ¶¶ 8–16.) He asserts that Defendants' failure to provide an accessible path of travel and dining services denied him full and equal access to the restaurant, in violation of the ADA, 42 U.S.C. §§ 1201 *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51–53. (*Id.* ¶ 14.) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act. (*Id.* ¶ 33.) The Complaint asserts that this Court has jurisdiction over the ADA claim based on the existence of a federal question and jurisdiction over the Unruh Act claim based on supplemental jurisdiction. (*Id.* ¶¶ 5–6.)

Before the Court is Plaintiff's response to this Court's order to show cause as to why it should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. (Dkt. 10.) For the following reasons, this Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

## II. DISCUSSION

### A. Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for

declining jurisdiction." 28 U.S.C. § 1367(c).  Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotation omitted).

District courts may decline to exercise jurisdiction over supplemental state law claims based on a number of factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).  The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)–(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).  This "inquiry is not particularly burdensome." *Id.*

### B.     ADA and Unruh Act Claims

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Under the ADA,

"damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

The Unruh Act provides: "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of § 51 of the Unruh Act. *See* Cal. Civ. Code § 51(f). Though the Unruh Act also permits injunctive relief, unlike the ADA, it also allows for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Here, Plaintiff seeks $4,000 in statutory damages for each offense under the Unruh Act.

## C. Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

The Court finds that this case presents "exceptional circumstances" and that "there are compelling reasons," primarily based on comity, for declining jurisdiction over Plaintiff's Unruh Act claim. 28 U.S.C. § 1367(c)(4). California's recent legislative enactments confirm that the state has a substantial interest in this case. In 2012, California adopted heightened pleading requirements for Unruh Act accessibility claims "in an attempt to deter baseless claims and vexatious litigation." *See Velez v. Il Fornaio (Am.) Corp.*, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). When these heightened pleading requirements did not substantially reduce vexatious filings, California enacted additional restrictions in 2015. *See* Cal. Civ. Proc. Code § 425.50. These restrictions

specifically targeted "high frequency litigants," *i.e.*, plaintiffs and attorneys who file more than ten construction-related accessibility violation complaints during a twelve-month period. *See* Cal. Civ. Proc. Code § 425.55(b)(1).

Ever since the 2015 reforms, high frequency litigants must comply with the following requirements in California state court: "(1) [the] complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business." *See Johnson v. Morning Star Merced, LLC*, 2018 WL 4444961, at *5 (E.D. Cal. Sept. 14, 2018) (citing Cal. Civ. Proc. Code § 425.50(a)(4)(A)). High frequency litigants are also required to pay an additional $1,000 filing fee. Cal. Gov't. Code § 70616.5. The California Legislature's justification for imposing these burdens on high frequency litigants provides as follows:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all [construction-related accessibility] complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2).

Plaintiff in this case, who has filed over one hundred cases during the first six months of 2019 alone, easily qualifies as a high frequency litigant and would be subjected to California's heightened pleading requirements and increased filing fee were he to litigate in state court. However, unlike the Unruh Act's statutory damages provision, California's pleading restrictions are procedural and do not apply in federal court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). This enables high-frequency litigants like Plaintiff to duck the burdens of state law but still reap its benefits by filing ADA and Unruh Act claims together in federal court and invoking 28 U.S.C. § 1367(a). This type of gamesmanship significantly undermines California's efforts to reform Unruh Act litigation.

Unfortunately, there is considerable evidence that this has already occurred. According to statistics gathered by the Central District's Clerk's Office, in 2013, ADA claims made up just three percent of the civil cases filed the Central District. Since California's pleading heightened pleading requirements have taken effect, that number has increased steadily; in the first six months of 2019, ADA cases made up twenty-four percent of the Central District's civil caseload. Consistent with the 2015 findings of the California legislature, the Clerk's Office found that this uptick in filings was driven by high frequency litigants. Eighty-four percent of Central District ADA claims filed so far in 2019 were by Plaintiffs who would qualify as high frequency litigants under Cal. Civ. Proc. Code § 425.55(b)(1). The only explanation for the phenomenon is the strategic evasion of California's new reforms. Combining an ADA claim with an Unruh claim does not increase the range of remedies available to a plaintiff. The ADA's only remedy is injunctive relief, *see Wander*, 304 F.3d at 858, which is equally available under the Unruh Act. Because the two statutes are co-extensive in this respect, "[i]t is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court." *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).

This trend of high frequency litigants flocking to federal court threatens to nullify California's efforts to protect its small businesses from high frequency litigants. The Court finds that this situation presents "exceptional circumstances" and "compelling reasons" for it to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). This holding is in line with the growing number of federal courts in California that have declined to exercise supplemental jurisdiction over similar claims. *See, e.g.*, *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019) (finding that "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements"); *see also Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005) (declining to exercise supplemental jurisdiction over an Unruh Act claim after finding that "discouraging forum-shopping is a legitimate goal for the federal courts"). "As a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims," the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See Schutza*, 262 F. Supp. 3d at 1025. The Court also finds that whatever inefficiencies may arise from Plaintiff litigating his claims in two separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented.

The Court declines to stay this matter pending the resolution of the appeal filed in *Arroyo v. Rosas*.[1] The Court also declines to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292. To determine whether leave to appeal should be granted, district courts consider whether the issue presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28

---

[1] 9th Cir. Case No. 19-55974.

U.S.C. § 1292(b).  Plaintiff, as appellant, has the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  The Court finds that Plaintiff has not met this high burden.  An interlocutory appeal will not materially advance the ultimate termination of the litigation here.  Plaintiff can continue litigating the ADA claim in federal court while simultaneously litigating the Unruh Act claim in California state court.

**IV. CONCLUSION**

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  This claim is hereby **DISMISSED WITHOUT PREJUDICE** for Plaintiff to assert it in state court.  The Court retains jurisdiction over Plaintiff's ADA claim.

DATED:    September 20, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE